MAYAGÜEZ SUGAR COMPANY, INC., Petitioner, *v.* SUGAR BOARD OF PUERTO RICO ET AL., Respondents.

No. 14. Argued December 6, 1955.—Decided June 18, 1956.

*Fiddler, González & Nido* for petitioner. *Alejandro Romanace* for respondent.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

 There is nothing in this case different from the question raised and decided by this Court in *Mayagüez Sugar Company* v. *Sugar Board*, 78 P.R.R. 844 (Pérez Pimentel) (1956). [1] When this contract was executed on August 15, 1953, Act No. 426 of May 13, 1951 (Sess. Laws, p. 1138) was already in force and § 3 of the Act was therefore a part of the contract. [2] It is known that this section re-established the freedom of contract between centrals and *colonos* outside the original plan of production zones determined by the Public Service Commission of Puerto Rico provided in § 4 of Act No. 221 of May 12, 1942 (Sess. Laws, p. 1176),

as amended by Act No. 383 of May 15, 1949 (Sess. Laws, p. 1166), and regulated by the Regulations of Sugar Companies adopted by the Public Service Commission on June 29, 1946. Of these regulations, the following provisions were preserved in Act No. 426 of May 13, 1951: "No sugar central shall refuse to grind the cane of a *colono* or of his successors in interest, who may have been a *colono* of said central during any of the three (3) years prior to the date on which he may have offered said cane to be ground, and the central shall give preference to said *colonos* for grinding their cane over the new colonos"; . . . that "For a *colono* to be entitled to shift from the central where he grinds his cane to another central, he shall be under obligation to notify the centrals concerned of his intention to make said change not later than the first day of November prior to the grinding season in which he desires to make such change;" and that "The central shall be bound to grind the cane of the new *colonos*, unless the Board exempts the central from such obligation after it is shown to the Board that the central lacks sufficient capacity to assume the grinding of the cane from such *colonos*."

As will be seen, we are concerned with the reasonable regulation of an industry "affected by a public interest," because it is the principal agency of our economy. [3] The fact that there is imposed on the centrals the obligation to grind the cane of their *colonos* and that the *colonos* are permitted to shift from one central to another does not make such public regulation unreasonable, confiscatory, or oppressive, since the parties concerned are not in the same position to contract. [4] We have also held that the Legislative Assembly of Puerto Rico has authority to regulate such industry. *People* v. *A. Roig, Sucrs.*, 63 P.R.R. 17, 22 (Snyder) (1944).

The order appealed from will be affirmed.

Mr. Justice Sifre did not participate herein.